**BRODIE, J.**

**ORIGINAL**

**BLOOM, M.J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

Celso Oswaldo Fernandez

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-against-

NYC School Support Services

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Complaint for Employment Discrimination**

Case No. **CV 18-1638**

*(to be filled in by the Clerk's Office)*

Jury Trial:   ☑ Yes   ☐ No
*(check one)*



RECEIVED
MAR 14 2018
PRO SE OFFICE

I. **The Parties to This Complaint**

A. **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: Celso Oswaldo Fernandez
Street Address: 16 Spencer Street
City and County: Elizabeth, Union County
State and Zip Code: New Jersey, 07202
Telephone Number: 917-921-0668
E-mail Address: oswaldo621@yahoo.com

B. **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1
Name: NYC School Support Services
Job or Title (if known):
Street Address: 321 West 44th Street, Suite 601
City and County: New York, New York County
State and Zip Code: New York, 10036
Telephone Number: 347-379-4588
E-mail Address (if known):

Defendant No. 2
Name:
Job or Title (if known):
Street Address:
City and County:

State and Zip Code    _____
Telephone Number    _____
E-mail Address    _____
(if known)

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

Name            K331 / I.S. 30 Mary White Ovington
Street Address  7002 4th Avenue
City and County Brooklyn, Kings County
State and Zip Code  New York, 11209
Telephone Number  718-491-8440

II. **Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☒  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

3

☐ Other federal law *(specify the federal law)*: _____

☑ Relevant state law *(specify, if known)*:
New York State Human Rights Law, N.Y. Exec. Law § 297(9).

☑ Relevant city or county law *(specify, if known)*:
New York City Human Rights Law, N.Y.C. § Admin. Code § 8-502.

III. **Statement of Claim**

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐ Failure to hire me.
☑ Termination of my employment.
☐ Failure to promote me.
☑ Failure to accommodate my disability.
☑ Unequal terms and conditions of my employment.
☑ Retaliation.
☐ Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
Age discrimination started September 2015, disability discrimination occurred shortly after.

4

C. I believe that defendant(s) *(check one)*:

☐ is/are still committing these acts against me.

☒ is/are not still committing these acts against me. *Since I no longer work at the public school because I was terminated.*

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐ race _____
☐ color _____
☐ gender/sex _____
☐ religion _____
☐ national origin _____
☒ age. My year of birth is __1962__. *(Give your year of birth only if you are asserting a claim of age discrimination.)*
☒ disability or perceived disability *(specify disability)* after 2 incidents at work, I walked differently and coworkers mocked me.

E. The facts of my case are as follows. Attach additional pages if needed.

See attached "Addendum."

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

IV. **Exhaustion of Federal Administrative Remedies**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_July 14, 2017_

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* _shortly after the letter's date of 12/22/2017._

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☑ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

V. **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

_Whatever the Court deems just and proper._

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 03/14, 2018.

Signature of Plaintiff _____

Printed Name of Plaintiff Celso O. Fernandez

## Addendum to Complaint
### *Fernandez v. New York City School Support Serv's.*

1. I was born on May 30, 1962.[1]

2. I worked as a cleaner for public schools in New York from approximately 1999 until 2017, when I was terminated.

3. During the time period relevant to this Complaint (from July 2013 until June 29, 2017), I worked as a cleaner at New York City School Support Services and was assigned to work at K331/I.S. 30 Mary White Ovington School in Brooklyn, New York – located at 7002 4th Avenue in Brooklyn.

4. New York City School Support Services has more than 500 employees and was formerly known as "ABM Janitorial Services."

5. I was a member of the SEIU 32BJ Union (previously known as Local 74) from August 1999 – June 2017.

6. I have had a disability since approximately January 14, 2016, when I had a stroke at work caused by anxiety and stress.

7. Subsequent to my stroke, my left side was paralyzed, and I walked with a limp. Because of the stroke, I developed anxiety and depression.

8. My disability significantly interferes with my ability to engage in work and to care for myself and others. I have poor short term memory and often misplace things as a result of brain damage from my stroke. Additionally, I randomly lose my vision for periods of 5-30 seconds. I often have chest pain, which forces me to pull over when I am driving or to pause for breath when I'm speaking. I experience piercing headaches when exposed to surprising or exciting stimuli. My limp is also worsened when I am frightened or

---

[1] This Addendum was drafted with the help of an attorney with the City Bar Justice Center's Pro Se Legal Assistance Project.

exposed to exciting stimuli, such as playing with my 10 year old son. I also lose sensation in my hands when I keep them in the same position for more than five minutes, such as when I'm sweeping a floor. I must conduct daily life activities at a slower pace in order to avoid over-stimulating myself and triggering these symptoms.

9. During the relevant time period, my supervisors were Claudio Ortiz and Joseph Astarita.

10. Mr. Ortiz became my direct supervisor around September 2015 and remained so during the relevant time period.

11. Beginning around November 2016, Mr. Astarita came to my school with the title of "head custodian" and had supervisory authority over Mr. Ortiz.

12. Soon after he became my supervisor in September 2015, Mr. Ortiz began discriminating against me on the basis of my age.

13. For example, Mr. Ortiz, who was in his mid-to-late thirties, encouraged me to retire on several occasions. The same month that he started supervising me, Mr. Ortiz asked me how old I was and said, "You know you could retire."

14. I told Mr. Ortiz that I liked to work and did not want to retire. A few days later, Mr. Ortiz again told me I should retire.

15. Mr. Ortiz told me that he had helped another employee (a handywoman) retire from the building where he previously worked. Mr. Ortiz offered to do the same for me, but I declined.

16. My coworker, Hector Laboy – another cleaner, frequently made ageist comments to me like, "You're too old, why don't you stay home?" or "You're old; you should retire." He made these comments three or four times a week, beginning in September 2015 and continuing until I was terminated in June 2017.

17. As the head cleaner, I was able to choose overtime shifts before other cleaners. Starting in October 2015, Mr. Ortiz began to take all of the overtime hours for himself and refused to allow me to work overtime.

18. Around January 2016, Mr. Ortiz began giving overtime hours to my younger coworkers. Despite my requests to work overtime, he refused to allow me to work any overtime hours until July 2016.

19. I complained on October 19, 2015 to my union rep about Mr. Ortiz denying my overtime, but did not get a response.

20. I complained to the National Labor Relations Board in November 2015 that Mr. Ortiz had denied my overtime.

21. In December 2015, I was washing my tools in the sink. Mr. Laboy was in the doorway of the staff bathroom, approximately five feet away from me, and he began cursing at me, stating, in essence, "Watch what we have coming for you, motherfucker."

22. I arrived at work on January 14, 2016 at 6:00 AM, and I found my locker destroyed with the door ripped off. This was the third time that my locker had been destroyed.

23. I experienced severe stress and anxiety from my treatment at work, resulting in a stroke on January 14, 2016.

24. On January 14, 2016, I passed out in the locker room in the basement of the school and woke up in the hospital. I was hospitalized for approximately four days, and I was out of work for two weeks after that.

25. The left side of my body was partially paralyzed, and I had a limp. I went back to work after two weeks because I was afraid of losing my job.

26. Following my return to work, I made Mr. Ortiz aware of my physical limitations, which prevented me from lifting heavy objects, climbing ladders, or moving quickly.

27. In about July 2016, Mr. Ortiz assigned me to clean desks for the entire summer.

28. I cleaned three rooms before the chemicals caused me to have a migraine. I told Mr. Ortiz about the migraine, and he laughed at me.

29. I continued to clean desks from July 2016 – August 2016 and the chemicals caused me to have migraines every day. I complained at least two more times verbally to Mr. Ortiz, but he still assigned me to clean the desks using the chemicals that caused me to have daily migraines.

30. Mr. Ortiz also offered me overtime during this period, July 2016 – August 2016, but only cleaning desks.

31. I really needed the money so I worked the overtime hours despite the migraines caused by the chemicals used to clean the desks.

32. Between September 2015 and December 2016, my timecard also disappeared at least three times.

33. The third time my time card disappeared in August 2016, I was not paid for 16 hours of overtime. I worked 8 hours of overtime on both August 13, 2016 and August 14, 2016, totaling 16 hours.

34. I had been keeping my own time cards since December 2015 to prove when I had worked. Even though I showed them my own timecard, they still did not pay me for the 16 hours of overtime.

35. On August 16, 2016 I found out that my 90 year old father living in Ecuador was sick. That same day, I asked Mr. Ortiz verbally if I could take time off to visit my father.

36. Mr. Ortiz became very angry and a couple hours after I asked for time off, he came back and granted me the time off, but handed me a new schedule.

37. On the new schedule my shift was moved to 10:00 AM – 7:00 PM.

38. For the prior 17 years, my shift had always started between 6:00 – 7:00 AM. I was punished for asking to visit my sick father by being given a later shift time for the first time in 17 years.

39. I had a second incident while on the job, on September 14, 2016. I lost consciousness for two to three minutes and went to the hospital. I was out of work for about 10 days.

40. I asked for a reasonable accommodation for my disability in approximately October 2016 when I went back to work. I had to attend physical therapy sessions and therefore asked for the 6:00 AM – 3:00 PM shift in order to attend these sessions. I was scheduled for the 11:30 AM – 8:00 PM shift.

41. I verbally asked Mr. Ortiz three times in October 2016 to accommodate my shift request to attend physical therapy. My doctor recommended that I attend physical therapy in the afternoon so that I could go home and rest afterwards.

42. Mr. Ortiz laughed when I asked for this accommodation and said essentially, "No, it's not possible."

43. On November 7, 2016, I verbally asked Mr. Astarita to change my shift in order to attend physical therapy sessions.

44. Mr. Astarita said he would have to ask Mr. Ortiz. I told Mr. Astarita that I had already asked Mr. Ortiz and that Mr. Ortiz had told me no, I could not change my shift time.

45. On November 14, 2016, I emailed Mr. Astarita to make a second request to change my shift to attend physical therapy sessions. I also dropped off a physical copy of the letter to Mr. Ortiz and asked him to give it to Mr. Astarita.

46. Mr. Ortiz responded to my request by doing the opposite of what I requested. Instead of assigning me a set schedule, he purposefully assigned me a schedule that interfered with medical appointments and prevented me from both working and seeking needed medical care.

47. Mr. Ortiz would not change my shift from 11:30 AM – 8:00 PM to 6:00 AM – 3:00 PM. Instead, I used two half days to attend my first two physical therapy sessions in the afternoon. After that, I went to my physical therapy sessions in the morning, before my 11:30 AM shift.

48. When I went back to work after my second incident, in October 2016, Mr. Ortiz and Mr. Laboy began making fun of my disability. Mr. Ortiz imitated my limp and rhetorically asked "how are you doing? What happened to you?"

49. Mr. Ortiz made fun of my disability whenever he saw me at work, on average, two or three times a day, two or three days per week.

50. Mr. Laboy joined in with Mr. Ortiz's jokes several times. He also imitated my limp and made fun of my inability to turn my head quickly.

51. Mr. Ortiz discriminated against me by hiding my tools, such as my mop and bucket, in order to get entertainment out of my frustration for looking for them.

52. For example, on December 23, 2016, Mr. Ortiz hid my yellow mop bucket in the elevator control room. I arrived at work and asked Mr. Ortiz if he had seen the bucket, but he said he had not seen it.

53. I spent 50 minutes looking for the bucket so that I could begin mopping. Because of my disability, I began shaking and becoming very frustrated while looking for the bucket. My left side became rigid because I was upset. Additionally my body would seize up and relax uncontrollably due to my frustration.

54. Mr. Ortiz and Mr. Laboy found my frustration funny and laughed at me while I was looking for the bucket. I knew that Mr. Ortiz hid my bucket because he unlocked the building and was the first person there before my shift started.

55. On approximately May 31, 2017, while cleaning the staircase, I fell. I had to take two days off work to recover.

56. Soon after my staircase fall, on approximately June 8, 2017, Mr. Ortiz assigned me to scrub the art room floor and wax it. This was a more difficult than usual task, usually done by more than one person. This was a retaliatory assignment for complaining to the union, the ABM hotline, and NLRB.

57. On approximately July 14, 2017, I filed a charge of discrimination with the EEOC, alleging discrimination on the basis of age and disability and retaliation. *See* **Exh. A** (Charge No. 520-2017-00223).

58. In a letter dated December 22, 2017, the EEOC determined that it was "unable to conclude" that New York School Support Services had violated federal law and issued me a Right to Sue letter for my second charge. *See* **Exhibit B** (Right to Sue Letter dated Dec. 22, 2017).

59. I received the December 22, 2017 Right to Sue letter shortly thereafter and filed this Complaint within the time limit.