UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

CELSO OSWALDO FERNANDEZ,

                                   Plaintiff,

            -against-

NEW YORK CITY SCHOOL SUPPORT SERVICES,

                                 Defendant.

------------------------------------------------------------------------x

**DEFENDANT'S ANSWER**

18 Civ. 1638 (MKB) (LB)

        Defendant New York City School Support Services ("NYCSSS") by its attorney, **ZACHARY W. CARTER**, Corporation Counsel of the City of New York, for its answer to the complaint, filed March 14, 2018, respectfully allege as follows:

        1.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1," of the Complaint, except admit that plaintiff self identifies as being 56 years of age.

        2.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2," of the Complaint, except admit that plaintiff was employed by NYCSSS as a cleaner from August 2016 until June 29, 2017.

        3.     Denies the allegations set forth in paragraph "3," of the Complaint, except admit that plaintiff was employed by NYCSSS as a cleaner from August 2016 until June 29, 2017, and assigned to Mary White Ovington School K331/LS 30.

        4.     Denies the allegations set forth in paragraph "4," of the Complaint, except admit that NYCSSS employs more than 500 people.

        5.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5," of the Complaint, except admit that plaintiff

was a member of labor union SEIU Local 32BJ ("Local 32BJ") during his employment with NYCSSS.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6," of the Complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7," of the Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8," of the Complaint, except admit that on or about December 1, 2016, plaintiff provided NYCSSS with a note from his doctor indicating that "[h]e can work without any limitations," and respectfully refer the Court to this doctor's note for a complete and accurate statement of its contents.

9. Denies the allegations set forth in paragraph "9," of the Complaint, except admit that Claudio Ortiz is employed by NYCSSS in the title of Foreman/Fireman.

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10," of the Complaint, except admit that Claudio Ortiz is employed by NYCSSS in the title of Foreman/Fireman.

11. Denies the allegations set forth in paragraph "11," of the Complaint.

12. Denies the allegations set forth in paragraph "12," of the Complaint.

13. Denies the allegations set forth in paragraph "13," of the Complaint.

14. Denies the allegations set forth in paragraph "14," of the Complaint.

15. Denies the allegations set forth in paragraph "15," of the Complaint.

16. Denies the allegations set forth in paragraph "16," of the Complaint.

17. Denies the allegations set forth in paragraph "17," of the Complaint, and respectfully refer the court to the collective bargaining agreement ("CBA") between NYCSSS and plaintiff's union, Local 32BJ, which covers employee assignments. Defendant also denies knowledge and information sufficient to form a belief as to the truth of allegations which pre-date when NYCSSS began operations in August 2016.

18. Denies the allegations set forth in paragraph "18," of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19," of the Complaint.

20. Denies the allegations set forth in paragraph "20," of the Complaint, except admit that plaintiff filed a complaint with the National Labor Relations Board ("NLRB") on May 16, 2017, which was dismissed on June 12, 2017.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21," of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22," of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23," of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24," of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25," of the Complaint.

26. Denies the allegations set forth in paragraph "26," of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27," of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28," of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29," of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30," of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31," of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32," of the Complaint.

33. Denies the allegations set forth in paragraph "33," of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations which pre-date when NYCSSS began operations in August 2016.

34. Denies the allegations set forth in paragraph "34," of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of the allegations which pre-date when NYCSSS began operations in August 2016.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35," of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36," of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37," of the Complaint, except admit that when NYCSSS began operations in August, 2016, plaintiff's work schedule was 10:00 AM to 7:00 PM.

38. Denies the allegations set forth in paragraph "38," of the Complaint.

39. Denies the allegations set forth in paragraph "39," of the Complaint, except admit that on or about December 1, 2016, plaintiff provided NYCSSS with a note from his doctor indicating that "[h]e can work without any limitations," and respectfully refer the Court to this doctor's note for a complete and accurate statement of its contents.

40. Denies the allegations set forth in paragraph "40," of the Complaint, except admit that plaintiff's schedule was changed to 11:30 AM until 8:00 PM on or about January 3, 2017.

41. Denies the allegations set forth in paragraph "41," of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of plaintiff's allegations concerning his doctor.

42. Denies the allegations set forth in paragraph "42," of the Complaint.

43. Denies the allegations set forth in paragraph "43," of the Complaint.

44. Denies the allegations set forth in paragraph "44," of the Complaint.

45. Denies the allegations set forth in paragraph "45," of the Complaint, except admit that plaintiff sent a letter, dated November 17, 2016, to Mr. Astarita, and respectfully refer the Court to that letter for a complete and accurate statement of its contents.

46. Denies the allegations set forth in paragraph "46," of the Complaint.

47. Denies the allegations set forth in paragraph "47," of the Complaint, except admit that plaintiff's schedule was changed to 11:30 AM until 8:00 PM on or about

January 3, 2017. Defendant also denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff's attendance at physical therapy.

48. Denies the allegations set forth in paragraph "48," of the Complaint.

49. Denies the allegations set forth in paragraph "49," of the Complaint.

50. Denies the allegations set forth in paragraph "50," of the Complaint.

51. Denies the allegations set forth in paragraph "51," of the Complaint.

52. Denies the allegations set forth in paragraph "52," of the Complaint.

53. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53," of the Complaint, except admit that on or about December 1, 2016, plaintiff provided NYCSSS with a note from his doctor indicating that "[h]e can work without any limitations," and respectfully refer the Court to this doctor's note for a complete and accurate statement of its contents.

54. Denies the allegations set forth in paragraph "54," of the Complaint.

55. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55," of the Complaint, except admit that plaintiff took sick-leave on June 1, and 2, 2017.

56. Denies the allegations set forth in paragraph "56," of the Complaint, except deny knowledge and information sufficient to form a belief as to the truth of plaintiff's fall as alleged in this paragraph.

57. Denies the allegations set forth in paragraph "57," of the Complaint, except admit that a Charge of Discrimination, dated July 14, 2017, was cross-filed with the New York State Division of Human Rights and United States Equal Employment Opportunity

- 7 -

Commission and respectfully refer the Court to the Charge of Discrimination for a complete and accurate statement of its contents.

58. Denies the allegations set forth in paragraph "58," of the Complaint, except admit that a Dismissal and Notice of Rights letter was issued by United States Equal Employment Opportunity Commission, dated December 22, 2017, and respectfully refer the Court to the letter for a complete and accurate statement of its contents.

59. Denies the allegations set forth in paragraph "59," of the Complaint, except admit that a Dismissal and Notice of Rights letter was issued by United States Equal Employment Opportunity Commission, dated December 22, 2017, and respectfully refer the Court to the letter for a complete and accurate statement of its contents.

**AS AND FOR A FIRST DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

60. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

61. The Complaint may be barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

62. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative or contractual remedies, or both.

**AS AND FOR A FOURTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

63. Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of the job in question.

**AS AND FOR A FIFTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

64. All actions taken by defendant with respect to plaintiff were taken in good faith, without malice, for non-discriminatory and non-retaliatory, legitimate business reasons.

65. At all times relevant to the acts alleged in the Complaint, defendant's actions were reasonable, proper, lawful, constitutional, made in good faith, and without malice.

66. Defendant has not violated any rights, privileges or immunities of the plaintiff under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

**AS AND FOR A SIXTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

67. The conduct complained of may consist of nothing more than what a reasonable victim of discrimination would consider petty slights and trivial inconveniences, and thus plaintiff's claims under the New York City Human Rights Law must be dismissed.

**AS AND FOR A SEVENTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

68. The Complaint is barred, in whole or in part, by the doctrines *of res judicata*, collateral estoppel, claim preclusion, issue preclusion or judicial estoppel or any combination of these doctrines.

**AS AND FOR AN EIGHTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:**

69. Defendants exercised reasonable care to prevent and promptly eliminate any harassing behavior. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by defendants, and to otherwise avoid harm.

.

### AS AND FOR A NINTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:

70. Defendant did not have knowledge of any alleged harassing conduct by individual employees nor was it reasonable for defendant to have had such knowledge.

### AS AND FOR A TENTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:

71. Defendant maintains an appropriate policy and program against discrimination and an effective complaint procedure that was known and available to all employees. To the extent plaintiff availed himself of the policy/program, defendants took prompt, remedial action to correct any alleged discrimination, harassment, or retaliation.

### AS AND FOR A ELEVENTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:

73. Any damages sustained by plaintiff were caused by plaintiff's own negligent or otherwise culpable conduct.

### AS AND FOR A TWELFTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:

74. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### AS AND FOR A THIRTEENTH DEFENSE, DEFENDANT RESPECTFULLY ALLEGES:

75. Subject to proof in discovery, plaintiff has failed to mitigate his damages, if any.

**WHEREFORE**, defendant respectfully requests that this Court enter an order and judgment dismissing the Complaint in its entirety, denying all relief requested, entering

judgment for defendant, and granting defendant costs, fees, and expenses, together with such other and further relief as the Court deems to be just and proper.

Dated:   New York, New York
         January 11, 2019

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendant
100 Church Street, Room 2-109H
New York, New York 10007-2608
(212) 356-1180
ccoyne@law.nyc.gov


By:   /s/
      Christopher Coyne
      Assistant Corporation Counsel


To:   **CELSO OSWALDO FERNANDEZ**
      Plaintiff – Pro Se
      16 Spencer Street
      Elizabeth, New Jersey 07202
      oswaldo621@yahoo.com
      (By Mail and E-Mail)